812 F.2d 1408
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael COHL (86-1127), Charles Gregory, Sr. (86-1128),
Sanford Cohl (86-1129), Defendants-Appellants.
 No. 86-1127, 86-1128 and 86-1129.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1987.
 
 Before KENNEDY and NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendants appeal from their convictions resulting from charges of conspiracy and transportation of stolen goods in interstate commerce. In essence, defendants were charged with participating in a scheme which involved bribing employees of a steel company to furnish defendants with valuable stainless steel ingots and butts, to which they were not entitled under a slag-hauling contract between the steel company and a hauling company owned and operated by defendants, and then selling that steel in interstate commerce.
 
 
 2
 All defendants contend that the government's failure to furnish them an alleged inconsistent and exculpatory statement made by a government witness, Norman Reese, entitles them to a new trial, citing Brady v. Maryland, 373 U.S. 83 (1963). Defendants' contention arises out of a conversation they say occurred between defense counsel and government attorneys, while the jury was deliberating, in which the latter advised the former that Reese's testimony, that ingot butts and caps were never mixed in a load, was different from the version of the facts he had given the government and which had served as the basis for the counts of the indictment which detailed mixed loads.
 
 
 3
 However, as defense counsel concede, this revelation was made in the course of an off-the-record conversation and no attempt was made to preserve the conversation in the record. Furthermore, no effort was made by defense counsel before the jury returned its verdict to either reopen the case, or to have the trial court declare a mistrial. Accordingly, defendants have failed to demonstrate either the error they seek to raise, or the materiality of, or prejudice from, the tardy disclosure. See, e.g., United States v. Holloway, 740 F.2d 1373 (6th Cir.), cert. denied, 469 U.S. 1021 (1984).
 
 
 4
 Nor is the issue raised by all defendants, that the district court erred in vacating its sua sponte order which had the effect of granting a new trial, well-taken. The district court correctly comprehended its inability to grant a new trial in the absence of a motion from a defendant. See 3 C. Wright, Federal Practice and Procedure Sec. 551 (West 1982); Fed.R.Crim.P. 33 advisory committee's note (1966 amendment).
 
 
 5
 Defendant Sanford Cohl contends that the trial court erred in overruling his motion for judgment of acquittal, as there was insufficient evidence of guilt to sustain a conviction on the charges against him.
 
 
 6
 In testing the sufficiency of the evidence to withstand a motion for judgment of acquittal, the trial judge does not pass upon the credibility of the witnesses or the weight of the evidence. On the contrary, he must view the evidence and the inferences that may justifiably be drawn therefrom in the light most favorable to the Government. If, under such view of the evidence he concludes that a reasonable mind might fairly conclude guilt beyond a reasonable doubt, the motion should be overruled and the issue left to the jury. It is only where under such view of the evidence he concludes there must be such a doubt in a reasonable mind, should the motion be granted. (Citations omitted.)
 
 
 7
 United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964).
 
 
 8
 In reviewing the denial of a motion for judgment of acquittal, the test to be applied by this court is whether reasonable minds could reach different conclusions on the issue of whether the defendant was guilty beyond a reasonable doubt. In other words, it is only where reasonable minds could not fail to find reasonable doubt that a reviewing court may reverse the district court's denial of the motion.
 
 
 9
 In view of the testimony of Norman Reese concerning Sanford Cohl's direct involvement in the scheme and of his knowledge of business transactions, other evidence that Cohl was present during contract negotiations and was involved in the day-to-day operation of companies which dealt with the shipments, and the inferences of guilt which reasonably may be drawn from that evidence, we are unable to say that reasonable minds could not find Sanford Cohl guilty beyond a reasonable doubt.
 
 
 10
 Accordingly, the judgments are affirmed.